UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-00394-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AARON MCKINNEY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are several motions filed by Defendant Aaron McKinney ("McKinney"): (1) Request for Sentence Reduction Pursuant to 18 U.S.C § 3582(c)(1)(A)(i) and the First Step Act; (2) Motion for Reduction under 18 U.S.C § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner); (3) Request for Supplement for Request for Sentence Reduction under 18 U.S.C § 3582(c)(1)(A)(i); and (4) Request for Conversion of Sentence to Home Confinement. See Record Documents 501, 532, 558, and 576. McKinney also requests appointed counsel. See Record Document 501 at 1. The Government has opposed McKinney's motions/requests. See Record Documents 510 and 535. McKinney also filed a reply to his Motion for Reduction under 18 U.S.C § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner). See Record Document 540. For the reasons set forth below, all of McKinney's motions/requests are hereby **DENIED**.

## BACKGROUND

On February 26, 2020, McKinney was charged in a Superseding Indictment with one count of conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(C).  See Record Document 25.  He entered a plea of guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of Sections 841(a)(1), (b)(1)(A), and 846.  See Record Document 279.  McKinney was sentenced to 120 months imprisonment, the statutory mandatory minimum. See Record Documents 278 & 279.

In July 2021, McKinney filed his first Motion for Compassionate Release.  See Record Document 332.  The motion was denied in September 2021 because he failed to demonstrate an extraordinary and compelling reason and because granting release would not have comported with the Section 3553(a) factors.  See Record Documents 382 & 383.

McKinney is currently incarcerated at Springfield MCFP.  His projected release date is November 12, 2027.

**LAW AND ANALYSIS**

McKinney seeks compassionate release due to his end-stage renal failure and his "dire need of a kidney" transplant, which he submits the Bureau of Prisons ("BOP") has denied.  See Record Document 501.  In his reply, he reports that he "had to have a portion of his foot amputated due to the grossly insanitary conditions within the BOP."  Record Document 540 at 2.  He further reports a staph infection and a bone infection.  See id. He submits that he is terminally ill.  See id. at 3.  In his third filing, McKinney reported that his mother was terminally ill and asked for release to be her primary caretaker.  See Record Document 558.  In his last filing, McKinney he related to the Court that his mother had passed away.  See Record Document 576.  It is in this filing that he requested release to home confinement.  See id.

I.     **Appointment of Counsel**

McKinney requests appointed counsel. See Record Document 501 at 1. There is no constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987). In relation to motions filed under 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) like McKinney's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." United States v. Joseph, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (citing United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." United States v. Mogan, No. 14-040, 2020 WL 2558216, at *4 n. 29 (E.D. La. May 20, 2020). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. See Joseph, 2020 WL 3128845, at *2. Here, the interests of justice do not require that the Court appoint counsel for McKinney. The motions/requests are not complex, and McKinney demonstrated in his motions, requests, and supporting memoranda that he is fully capable of representing himself on the matter *pro se*. McKinney's request for appointment of counsel is **DENIED**.

II.    **Compassionate Release**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United

States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, McKinney moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that McKinney has exhausted his administrative remedies and the Court will proceed to the merits of his motion. See Record Document 510 at 3.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in McKinney's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling

reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). Here, the United States conceded an "extraordinary and compelling reason" within Section 3582(c)(1)(A)(i), stating:

> Regardless, to the extent the defendant's condition constitutes "end-stage organ disease," it arguable falls within the non-binding policy statement's definition. See U.S.S.G. § 1B1.13. cmt. n.1(A)(i). Accordingly, for purposes of the argument, the United States concedes the defendant has established an "extraordinary and compelling reason" within the meaning of § 3582(c)(1)(A)(i).

Record Document 510 at 9. Notwithstanding, the United States argues McKinney is not entitled to relief because the Section 3553(a) facts weigh heavily against his release. See id.

Here, this Court believes – just as it did in 2021 – that granting compassionate release would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). McKinney's criminal history is extensive and includes several drug convictions, firearm convictions, and simple battery. See Record Document 175. He has

repeatedly failed to comply with the terms of probation and parole and clearly lacks respect for the law. A reduction in sentence in this matter would not equate to a "just punishment" under Section 3553(a)(2)(A). See Record Document 337. It is this Court's belief that a reduced sentence simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

### III. Home Confinement.

Title 18, United States Code, Section 3624(c)(2) provides that the BOP's authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/ 1266661/download (last visited 6/2/2021). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence. See id. "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id. The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment." Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement. However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act. See generally United States v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); United States v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home

detention under this provision."); United States v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); United States v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); United States v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); United States v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020). McKinney's request for early release to home confinement is **DENIED**.

## CONCLUSION

Based on the foregoing reasons, McKinney's various motions and requests seeking compassionate release and/or home confinement (Record Documents 501, 532, 558, and 576) be and are hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of April, 2023.

_____
United States District Judge