**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA         CRIMINAL ACTION NO. 19-00394-03

VERSUS                         JUDGE S. MAURICE HICKS, JR.

AARON MCKINNEY             MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is Defendant Aaron McKinney's ("McKinney") Motion for Compassionate Release (Record Document 617) and Amended Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Record Document 709). The Government has opposed the motion (Record Document 715). For the reasons set forth below, McKinney's Motions are **DENIED**.

## FACTUAL BACKGROUND

On February 26, 2020, McKinney was charged in a Superseding Indictment with one count of conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). See Record Document 25. He entered a plea of guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of Sections 841(a)(1), (b)(1)(A), and 846. See Record Document 279. McKinney was sentenced to 120 months imprisonment, the statutory mandatory minimum. See Record Documents 278 & 279.

McKinney has filed multiple motions for compassionate release during his incarceration. In July 2021, he filed his first motion, asserting that he suffered from end-

stage kidney disease, required dialysis, and faced increased risks related to COVID-19.

See Record Document 332. The Court denied that motion on September 30, 2021. See

Record Documents 382, 383.

In May and September 2022, McKinney again sought compassionate release

based on the same medical conditions. See Record Documents 501, 532. The Court

denied those motions by memorandum ruling on April 18, 2023, concluding that McKinney

had not demonstrated extraordinary and compelling reasons warranting release and that

the factors set forth in 18 U.S.C. § 3553(a) weighed strongly against a sentence reduction.

See Record Documents 583, 584.

McKinney filed another motion for compassionate release in December 2023,

relying on his kidney disease and dialysis treatment. See Record Document 617. That

motion remains pending. On December 8, 2025, McKinney filed the instant Amended

Motion for Compassionate Release. See Record Document 709. In support, McKinney

asserts that he suffers from end-stage renal failure, requires ongoing dialysis, and

contends that conditions at the Federal Medical Center in Springfield, Missouri, prevent

him from obtaining adequate medical care or placement on a kidney-transplant list. See

Record Document 709-3 at 2–3. McKinney also submitted a letter to the court referencing

his family circumstances and requests some form of sentence reduction. See Record

Document 689.

The Government opposes the motion, arguing that McKinney presents no new

facts, no changed medical circumstances, and no intervening change in law since the

Court's prior rulings and that the § 3553(a) factors continue to weigh heavily against

release. See Record Document 715.

2

## LAW AND ANALYSIS

### I.    Applicable Standards

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, McKinney moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act, § 3852(c)(1)(A) allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Here, the Court assumes McKinney has exhausted administrative requests for relief and considers the merits of the motion.

Subject to considerations of 18 U.S.C. § 3553(a), § 3582(c)(1)(A) permits a reduction in McKinney's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, U.S.S.G. § 1B1.13 provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

II.    Analysis

McKinney's current motion is substantively indistinguishable from his prior requests for compassionate release. He again relies on his diagnosis of end-stage renal

failure, his need for dialysis, and his dissatisfaction with medical treatment provided by the Bureau of Prisons. See Record Document 709.

The Court is aware of McKinney's medical history and considered these same conditions in denying his prior motions in 2021 and 2023. See Record Documents 382, 383, 583, 584. McKinney does not identify any material change in his medical condition since those rulings. To the extent McKinney argues that conditions at FMC Springfield amount to inadequate medical care or deliberate indifference, such allegations do not constitute extraordinary and compelling reasons for relief under § 3582(c)(1)(A). Claims challenging the adequacy of prison medical treatment or conditions of confinement must be pursued through the appropriate civil proceedings, not through a motion for compassionate release.

McKinney's reliance on rehabilitation likewise does not warrant relief. Although the Court acknowledges McKinney's participation in programming, rehabilitation alone cannot constitute an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t). Because McKinney has failed to demonstrate any new or extraordinary circumstances beyond those previously considered and rejected by the Court, he has not carried his burden under § 3582(c)(1)(A).

Even if McKinney had established extraordinary and compelling reasons, compassionate release would remain unwarranted. McKinney's offense involved a significant methamphetamine distribution conspiracy. McKinney's criminal history, which includes drug-related conduct, demonstrates a pattern of disregard for the law. See Record Document 175. The Court previously concluded that reducing McKinney's sentence would not reflect the seriousness of the offense, would undermine respect for

the law, would fail to provide adequate deterrence, and would inadequately protect the public. See Record Documents 382, 583. Nothing in the current motion alters that analysis. McKinney has served only a portion of his sentence, and a reduction at this stage would be inconsistent with the purposes of sentencing set forth in § 3553(a). The Court therefore cannot conclude that McKinney is not a danger to the community or that a sentence reduction would be appropriate.

**CONCLUSION**

Based on the reasons explained above, McKinney's Motion for Compassionate Release (Record Document 617) and Amended Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Record Document 709) are **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of January, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT